United States District Court
Southern District of Texas
**ENTERED**
April 26, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JORGE ARELLANO, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Cause Number 1:21-cv-183 |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| *Respondent*. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Petitioner Jorge Arellano's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" ("Petition") (Dkt. No. 1), Petitioner's "Attached Memorandum in Support of Federal 2254 Petition" ("Memorandum") (Dkt. No. 2), "Respondent Lumpkin's Motion for Summary Judgment with Brief in Support" ("Motion for Summary Judgment") (Dkt. No. 16), "Petitioner's Written Objections to the Respondent's Motion for Summa[ry] Judg[ment] with Brief in Support Rec[ei]ved by Petitioner Through Prison Legal Mail on March 22, 2022" (Dkt. No. 22), and "Petitioner's Written Objections to the Respondent's Motion for Summa[ry] Judg[ment] with Brief in Support Rec[ei]ved by Petitioner Through Prison Legal Mail on March 22, 2022" (Dkt. No. 23) (collectively with Dkt. No. 22, "Response").[1]  For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Arellano's Petition as time-barred; (2) **DIRECT** the Clerk of Court to close this case; and (3) **DECLINE** to issue a certificate of appealability.

---

[1] Although Arellano styled Dkt. Nos. 22 and 23 as "objections[,]" both documents are substantively a response to the Motion for Summary Judgment, and both contain identical arguments. *See* Dkt. No. 23 at 5.  Thus, Dkt. Nos. 22 and 23 are collectively referred to herein as Petitioner's "Response[.]"

# I.      Jurisdiction

The Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. §§ 2241 and 2254, which provide that jurisdiction is proper where the incarcerated petitioner is confined or where his state conviction was obtained.  *See*  28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000) (same).

# II.      Background and Procedural History

On April 16, 2007, in the 357th Judicial District Court of Cameron County, Texas, a jury found Petitioner Jorge Arellano guilty of the following offenses, all of which arose out of a March 5, 2006 motor vehicle accident: (1) intoxication manslaughter of Cynthia Hernandez;[2] (2) intoxication manslaughter of Jorge Carreon;[3] (3) intoxication manslaughter of Mario Gonzalez;[4] and (4) intoxication assault of Saul Arellano.[5]  Dkt. Nos. 15-12 at 75-77, 15-12 at 88-91, and 14-22 at 1 and 117.  On May 17, 2007, the state trial court verbally sentenced Arellano to four consecutive life terms of imprisonment. Dkt. No. 14-23 at 1 and 107.  Arellano was present at this sentencing hearing.  Dkt. No. 14-23 at 107.  On May 18, 2007, the state trial court entered a judgment, which requires that "[t]his sentence is to be served concurrent with any other sentence unless otherwise specified[.]"[6]  Dkt. No. 15-12 at 92.  On December 9, 2008, the state trial court entered a

---

[2] In violation of Tex. Pen. Code § 49.08.
[3] In violation of Tex. Pen. Code § 49.08.
[4] In violation of Tex. Pen. Code § 49.08.
[5] In violation of Tex. Pen. Code § 49.07.
[6] Although the May 18, 2007 judgment notes that "[t]his sentence is to be served concurrent with any other sentence unless otherwise specified[,]" the May 17, 2007 sentencing transcript makes clear that the sentences issued by the state trial court are to run consecutively.

*nunc pro tunc* judgment, which requires that the "sentences on Counts I, II, III and IV are to run consecutively." Dkt. No. 15-12 at 104 and 108.[7]

On January 8, 2009, the Texas Thirteenth Court of Appeals affirmed the trial court judgment. *Arellano v. State*, No. 13-07-00356-CR, 2009 WL 942896 at *5 (Tex. App.— Corpus Christi Jan. 8, 2009, pet. ref'd). On June 10, 2009, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Arellano v. State*, No. PD-0238-09 (Tex. Crim. App. 2009). On December 7, 2009, the United States Supreme Court denied his petition for certiorari. *Arellano v. Texas*, No. 09-6894 (Sup. Ct. 2009).

On July 27, 2012, Arellano filed a state application for writ of habeas corpus challenging his conviction. Dkt. No. 15-12 at 6. The Texas Court of Criminal Appeals dismissed the application without written order. *Id.* at 2. Arellano then filed three additional state habeas applications, all of which the Texas Court of Criminal Appeals denied. Dkt. Nos. 15-18, 15-31, and 15-39. On November 19, 2020, the Texas Board of Pardons and Paroles ("Texas Parole Board") granted parole to Arellano on one of his four life term sentences. Dkt. No. 2-1 at 2.

On September 23, 2021, Arellano filed the instant Petition,[8] in which he asserts the following: (1) the Texas Parole Board's grant of parole on his first life sentence should result in his release because his sentences allegedly run concurrently rather than consecutively, and his continued confinement to prison violates his Fifth Amendment, Fourteenth Amendment, and liberty interest rights; (2) the version of Texas Penal Code

---

[7] The December 9, 2008 *nunc pro tunc* judgment notes that "[t]his sentence is to be served concurrent with any other sentence unless otherwise specified[,]" and it otherwise specifies that the sentences for Counts I, II, III, and IV are to run consecutively.

[8] A federal petition is filed on the date it is placed in the prison mail system for purposes of the AEDPA, and Arellano alleges he placed his Petition in the prison mailing system on September 23, 2021. *See* Dkt. No. 1 at 15; s*ee also Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

3.03 in effect at the time of the offenses required that Arellano's sentences be served concurrently; and (3) the trial court and the state prosecutor "falsified" the December 9, 2008 *nunc pro tunc* judgment requiring the sentences to run consecutively rather than concurrently.  Dkt. Nos. 1 at 5, 1 at 7, 2 at 2-4, and 2-1 at 2.

On February 11, 2022, Respondent filed its Motion for Summary Judgment.  Dkt. No. 16.  In its Motion, Respondent asserts the following: (1) Arellano's claims are time-barred under the AEDPA because he failed to assert the claims within one year of the date his conviction was finalized, December 7, 2009; and alternatively, (2) Arellano has failed to state a claim upon which relief may be granted because Texas parole statutes do not create a constitutional liberty interest.  Dkt. No. 16 at 5-8 and 8-9.

On March 23, 2022, Arellano timely filed his Response, in which he asserts the following: (1) the applicable one-year limitations period to file the Petition began on November 19, 2020, which is the date the Texas Parole Board granted him parole on his first life sentence, instead of December 7, 2009; and (2) the state's reference, in the case history section of its response to Arellano's fourth state habeas application, to the May 18, 2007 judgment requiring concurrent sentences show that his sentences run concurrently rather than consecutively.  *See* Dkt. Nos. 2-1 at 2 and 22 at 1-3 and 8-9.  The case is now ripe for review.

### III.   Legal Standard

#### A.   Antiterrorism and Effective Death Penalty Act

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[9] govern petitions brought under 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521

---

[9] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

U.S. 320, 335-36 (1997).  Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d);  *see also Harrington*, 562 U.S. at 97–98 (same).  "This standard is difficult to meet but 'stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'"  *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *2 (N.D. Tex., May 3, 2018) (citing *Harrington,* 562 U.S. at 102).

Codified as amended at 28 U.S.C. § 2244(d), the AEDPA also provides a one-year limitations period for filing a federal habeas application under 28 U.S.C. § 2254.  *Lindh*, 521 U.S. at 335.  Section 2244(d) provides as follows:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

In "rare and exceptional circumstances," a § 2254 petitioner may be entitled to an equitable tolling of his AEDPA limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 117 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied" and that the determination is "made on a case-by-case basis." *Id.* at 650 and 652. The Fifth Circuit has further explained that "equitable tolling is warranted only in 'situations where the plaintiff is actively misled by the defendant…or is prevented in some extraordinary way from asserting his rights.'" *Jones v. Stephens*, 541 Fed. Appx. 499, 503 (5th Cir. 2013) (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)). "The petitioner bears the burden of providing that he is entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 889 (5th Cir. 2010) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)). Determining whether to apply the equitable tolling doctrine requires courts to make a

"judgment call," and the decision is "an exercise of discretion by the district court."
*Alexander v. Johnson*, 294 F.3d 626, 630 (5th Cir. 2002).

## B.    Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 sets forth the standard applied when ruling on a motion for summary judgment.  Fed. R. Civ. P. 56(a).  Specifically, Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including . . . affidavits [and/or] admissions[, or] showing . . . that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56(c)(1);  *see also U.S. v. Zuniga*, No. H-14-cv-0456, 2014 WL 6982290, at *5 (S.D. Tex. Dec. 8, 2014).  Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment.  Rule 56 requires that there be no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), cert. denied, 531 U.S. 831, 121 S.Ct. 84 (2000).  District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255.  Nevertheless, **Rule 56's application in the federal habeas context differs from its application in "the average civil case."** *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*,

311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004)).   As the Fifth Circuit has explained:

> [T]he rule applies only to the extent that it does not conflict with the habeas rules.   Therefore, § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d at 668.   "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing."   *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983).   "Thus, a district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record."   *Id.*

## IV.   Discussion

### A.   The Parties' Arguments

Arellano asserts the following: (1) the Texas Parole Board's grant of parole on his first life sentence should result in his release because his sentences allegedly run concurrently rather than consecutively, and his continued confinement to prison violates his Fifth Amendment, Fourteenth Amendment, and liberty interest rights; (2) the version of Texas Penal Code 3.03 in effect at the time of the offenses required that Arellano's sentences be served concurrently; and (3) the trial court and the state prosecutor "falsified" the December 9, 2008 *nunc pro tunc* judgment requiring the sentences to run consecutively rather than concurrently.   Dkt. Nos. 1 at 5, 1 at 7, 2 at 2-4, and 2-1 at 2.

In his Motion for Summary Judgment, Respondent asserts the following: (1) Arellano's claims are time-barred under the AEDPA because he failed to assert the claims within one year of the date his conviction was finalized, December 7, 2009; and alternatively, (2) Arellano has failed to state a claim upon which relief may be granted because Texas parole statutes do not create a constitutional liberty interest.  Dkt. No. 16 at 5-8 and 8-9.

## B.   Timeliness of Arellano's Petition

The AEDPA requires Arellano to file his claims within one year of "the date on which the judgment became final by the conclusion of direct review."   28 U.S.C. § 2244(d)(1)(A).  As discussed below, Arellano's claims are time-barred because he failed to bring his claims within one year of the date his conviction became final.

 On May 18, 2007, the state trial court entered its original judgment.  Dkt. No. 15-12 at 92.  On December 9, 2008, the state trial court entered a *nunc pro tunc* judgment.  On January 8, 2009, the Texas Thirteenth Court of Appeals affirmed the trial court judgment.  *Arellano v. State*, No. 13-07-00356-CR, 2009 WL 942896 at *5 (Tex. App.—Corpus Christi Jan. 8, 2009, pet. ref'd).  On June 10, 2009, the Texas Court of Criminal Appeals refused his petition for discretionary review.  *Arellano v. State*, No. PD-0238-09 (Tex. Crim. App. 2009).

On December 7, 2009, the United States Supreme Court denied Arellano's petition for certiorari.  *Arellano v. Texas*, No. 09-6894 (Sup. Ct. 2009).  Thus, for AEDPA purposes, Arellano's conviction became final on December 7, 2009.  Assuming no tolling provision applies, Arellano had one year from this date, or until December 7, 2010, to file the instant claims.  28 U.S.C. § 2244(d)(1)(A).  However, he did not file the Petition until September 23, 2021, which is ten years, nine months, and sixteen days beyond the

limitations period.  Absent an applicable tolling provision, Arellano filed his Petition outside of the allowable one-year limitations period, rendering it time-barred.

## C.    Statutory Tolling

Under the AEDPA, the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review.  28 U.S.C. § 2244(d)(2).  Although Arellano filed four state habeas applications, he did not file his first state habeas application until July 27, 2012, long after his December 7, 2010 deadline to do so to toll the federal habeas application limitations period.  Dkt. No. 15-12 at 6.  Thus, statutory tolling does not apply. *See Douglas v. Lumpkin*, 2021 WL 535576, *4 (where the U.S. District Court for the Southern District of Texas held that statutory tolling did not apply to the petitioner's federal habeas application, which sought an order that his sentences were to run concurrently rather than consecutively, because the petitioner failed to file his first state habeas application within the federal one-year limitations period).

## D.    Equitable Tolling

As previously stated, in addition to statutory tolling, the one-year limitations period may be equitably tolled "only in rare and exceptional circumstances." *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks omitted). "The petitioner bears the burden of establishing that equitable tolling is warranted." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (citation omitted). To meet this burden, a petitioner must demonstrate the following: (1) he pursued federal review with due diligence, and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted).

Arellano does not explicitly request equitable tolling, yet he asserts that his Petition shows a "[m]iscarriage of [j]ustice[.]"  Dkt. No. 22 at 2.  However, even liberally construed, Arellano fails to demonstrate or even allege that he pursued federal review with due diligence or that an extraordinary circumstance stood in his way and prevented timely filing.  Arellano's claims, then, are time-barred and should be dismissed.

## V.    Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires "showing that reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Arellano has not made a substantial showing of the denial of a constitutional right.

## VI.    Recommendation

For the reasons provided above, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Arellano's Petition as time-barred; (2) **DIRECT** the Clerk of Court to close this case; and (3) **DECLINE** to issue a certificate of appealability.

## VII.    Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **26th** day of **April, 2022, at Brownsville, Texas.**

_____

**Ignacio Torteya, III**
**United States Magistrate Judge**